# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KRISTIN A. HOWARD,

        Plaintiff,

v.                                                                                                                   No. 1:17-cv-00135-KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REVERSE OR REMAND

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability benefits under Title II or Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, §§ 1381-1383f. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73(b), the Court has considered Plaintiff's Motion to Reverse or Remand Administrative Agency Decision and Memorandum in Support, filed June 6, 2017 (Doc. 19), the Commissioner's response in opposition, filed August 4, 2017 (Doc. 20), and Plaintiff's reply, filed August 21, 2017 (Doc. 21). Having so considered, the Court FINDS and CONCLUDES that Plaintiff's request to reverse and remand for payment of benefits is not well-taken and should be denied. The Court further FINDS and CONCLUDES that Plaintiff's alternative request to remand for rehearing should be granted as specified below.

## I. PROCEDURAL BACKGROUND

On June 24, 2013, Plaintiff filed an application for Title II disability insurance benefits and Title XVI supplemental security income, alleging that she had been disabled since May 13, 2012, due to deep vein thrombosis in left leg, pulmonary emboli, difficulty walking, difficulty

sitting in chair, difficulty standing for long periods, and circulation damage in left leg. AR 65, 71. On October 18, 2013, it was determined that Plaintiff was not disabled and her claim was denied. AR 77, 78. This determination was affirmed on February 13, 2014, AR 97, 98, and a subsequent hearing before an administrative law judge ("ALJ"), held on July 14, 2015, again ended in a denial. AR 22-32. The ALJ's decision became final when, on November 29, 2016, the Appeals Council denied Plaintiff's request for review. AR 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5).

## II. STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 162. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the

Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### III. ANALYSIS

#### A. Disability Framework

"Disability," as defined by the Social Security Act, is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(3)(A); § 423(d)(1)(A). The Act further adds that for the purposes of § 1382c(3)(A) and § 423(d)(1)(A):

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(3)(B); § 423(d)(2)(A).

When evaluating a disability claim under this standard, the ALJ employs a five-step sequential process. 20 C.F.R. § 404.1520.[1] In the first four steps, the claimant must prove that he or she (1) is not engaged in any substantial gainful activity; (2) has a severe physical or mental impairment, or combination of impairments, that meets the twelve month duration requirement; (3) has an impairment, or combination thereof, that meets or equals a listing in 20 C.F.R. pt. 404, subpt. P, App. 1; and (4) is unable to engage in past relevant work. 20 C.F.R. § 404.1520(a)(4)(i)-(iv). If the disability claim survives step four, the burden shifts to the ALJ to prove, at step five, that the claimant is able to adjust to other jobs presently available in

---

[1] 20 C.F.R. Part 416, which relates to the provisions of Title XVI of the Social Security Act, has parallel citations to Part 404, which applies to Title II of the Act. The Court cites only to Part 404.

significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).

Steps four and five are based on an assessment of the claimant's residual functional capacity ("RFC") which gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

## B. The ALJ's Determination

As detailed in the unfavorable decision underlying the case at bar, ALJ Fernandez Rice engaged in the sequential analysis set forth above, first finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of May 13, 2012.[2] AR 27. At step two, ALJ Fernandez Rice found that Plaintiff has the severe impairments of history of deep vein thrombosis and postphlebitic syndrome without complications. *Id.* She also determined that Plaintiff has the non-severe impairment of depression. *Id.* at 28. At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. *Id.* at 29.

ALJ Fernandez Rice next assessed Plaintiff's RFC, finding that Plaintiff has the residual functional capacity to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except stand or walk for approximately 2 hours per 8-hour workday, and sit for approximately 6 hours in an 8-hour workday with normal breaks. She should avoid exposure to work hazards, such as sharp objects, moving machinery, and unprotected heights.

*Id.* With this assessment at hand, ALJ Fernandez Rice then proceeded to step four where she considered Plaintiff's employment history as a research assistant. Ultimately, the ALJ concluded

---

[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. AR 27.

that Plaintiff was able to perform her past relevant work and, therefore, was not disabled. *Id.* at 32.

## C. Challenges to the ALJ's Determination

Plaintiff bases her request for reversal and remand on contentions that ALJ Fernandez Rice (1) failed to properly evaluate opinion evidence provided by Plaintiff's treating physician, Dr. Ellen Warren; (2) improperly assessed Plaintiff's RFC; (3) failed to make the required findings at step four; and (4) improperly assessed Plaintiff's credibility.

The Court finds that the ALJ erred in her consideration of Dr. Warren's opinion evidence and it will remand to the Commissioner on this ground. The Court does not reach Plaintiff's remaining contentions "because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### Opinion Evidence Provided by Dr. Ellen Warren

On April 28, 2014, Plaintiff's treating physician, Dr. Ellen Warren, completed a medical opinion form regarding Plaintiff's ability to do work related activities. AR 332. As detailed in the record, Dr. Warren diagnosed Plaintiff with postphlebitic syndrome and opined that Plaintiff (1) could only stand and walk for thirty minutes at a time; (2) could only sit for less than two hours at a time; (3) required the freedom to shift at will between sitting or standing/walking; and (4) required the ability to lie down at unpredictable times during the day. *Id.* Dr. Warren also noted that Plaintiff was limited by mental and physical exhaustion and that she has to extend and elevate her left leg on a chair at hip height. *Id.* Dr. Warren further stated that Plaintiff "can't work at this time."[3] *Id.*

---

[3] The Court notes that Dr. Warren also stated that Plaintiff was not limited in her ability to lift and carry, but then she detailed the maximum poundage that Plaintiff could lift/carry throughout the day. AR 332. It appears that the doctor's comments in this regard address Plaintiff's general strength capabilities rather than her impairment related limitations.

In just two sentences, ALJ Fernandez Rice afforded Dr. Warren's opinion "little weight," determining that it was "inconsistent with medical findings that show the claimant's symptoms are stable with medication" and that "the issue of disability is one reserved to the Commissioner." AR 32. Plaintiff argues that the ALJ failed to consider whether the opinion was entitled to controlling weight and failed to provide specific, legitimate reasons for discounting the opinion. The Court agrees with the latter contention.

It is well established that an ALJ is required to consider and weigh every medical opinion contained in the record. *Keyes-Zachary*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. § 404.1527(c). Generally speaking, medical opinions from a claimant's treating source should be given controlling weight if they are well-supported and consistent with the other substantial evidence of record. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996).[4] "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins*, 350 F.3d 1297, 1300 (10th Cir. 2003).

Even if a treating source's medical opinion is not given controlling weight, it is still entitled to deference and the opinion must be weighed using the factors set forth in 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6). These factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Langley*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotation omitted).

---

[4] Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263. Rescission effective for claims filed on or after March 27, 2017.

The ALJ need not expressly consider all of the relevant factors, but his or her decision must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation omitted). *See also* 20 C.F.R. § 404.1527(c)(2) (explaining that an ALJ must give "good reasons" in his decision for the weight he assigns to a treating source's medical opinion).

ALJ Fernandez Rice, then, was required to (1) determine whether Dr. Warren's opinion was entitled to controlling weight and, if not, (2) weigh the opinion against the regulatory factors found in 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6). Although Plaintiff argues that the ALJ failed at both steps of this analysis, the Court finds reversible error only in step two.

While ALJ Fernandez Rice did not specifically state that Dr. Warren's opinion was not entitled to controlling weight, she implicitly did so when she afforded the opinion "little weight" on the ground that it was inconsistent with other evidence in the record. *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014) ("Because we can tell from the decision that the ALJ declined to give controlling weight to Dr. Chorley's opinion, we will not reverse on this ground."). The Court is not condoning the ALJ's less than ideal controlling weight analysis; but, a remand on this issue "would serve no other purpose than to needlessly prolong a protracted course of proceedings." *Wall v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009).

However, ALJ Fernandez Rice was not entitled to end her analysis of Dr. Warren's opinion without providing specific, concrete reasons for affording the opinion "little weight." *Oldham*, 509 F.3d 1254, 1258 (10th Cir. 2007). There is nothing in the record to indicate that the ALJ considered the factors found in 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6), and the ALJ's vague reference to an inconsistency between Dr. Warren's opinion and unspecified symptoms is

"insufficiently specific to allow meaningful review." *Langley*, 373 F.3d 1116, 1123 (10th Cir. 2004). *Compare Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (finding error when the ALJ discounted the treating physician's opinion on the ground that it was "vague and conclusive" but did not explain how or why he found it to be vague and/or conclusive), *with Marshall v. Astrue*, 315 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (affirming when the ALJ deemed an opinion vague and inconsistent with the record and provided specific examples of the inconsistencies).

The Court notes that the Commissioner attempts to remedy the ALJ's deficient analysis by supplying her own reasons to support the ALJ's decision. *See* Doc. 20, p. 11. Unfortunately, "[a]ffirming this post hoc effort to salvage the ALJ's decision would require [the Court] to overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process." *Robinson*, 366 F.3d 1078, 1084–85 (10th Cir. 2004) (quotation omitted).

Further, the ALJ's conclusion that "the issue of disability is one reserved to the Commissioner" does not sufficiently dispose of the matter. Opinions on some issues, such as whether the claimant is disabled or unable to work, are not considered "medical opinions" and are, instead, reserved to the Commissioner. 20 C.F.R. § 404.1527(d); SSR 96-5p, 1996 WL 374183, *5 (July 2, 1996). [5] While the ALJ must consider these opinions, she will not assign any special significance to the source of the opinion. 20 C.F.R. § 404.1527(d). In contrast, a treatment source's statement concerning what a claimant is able to do despite his or her impairments is considered a "medical opinion" and may be entitled to controlling weight. SSR 96-5p, 1996 WL 374183, *4 (July 2, 1996).

---

[5] Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263. Rescission effective for claims filed on or after March 27, 2017.

In the case at bar, the medical opinion form submitted by Dr. Warren contained one opinion on an issue reserved to the Commissioner, i.e., that Plaintiff "can't work at this time," but it also contained "medical opinions" concerning what Plaintiff is still able to do in terms of walking, standing, and sitting despite having postphlebitic syndrome. AR 332. The ALJ was required to consider and discuss all of Dr. Warren's statements and to give "good reasons" that are "sufficiently specific" for the weight she assigned to Dr. Warren's medical opinion(s). *See* 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

The ALJ's reasons for discounting Dr. Warren's opinion were neither good nor specific and thus the Court is unable to meaningfully review the ALJ's determination. Because the Court "cannot simply presume that the ALJ applied the correct legal standards in considering" Dr. Warren's opinion, *Watkins*, 350 F.3d 1297, 1301 (10th Cir. 2003), it must remand to the Commissioner for further proceedings.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 19) is hereby **GRANTED** as to Plaintiff's request for remand and reevaluation and **DENIED** in regard to the request for reversal and payment of benefits.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**